Rome and Oswego Road Company *v.* Stone.

———— • ● • ————

ROME AND OSWEGO ROAD COMPANY *vs.* STONE.

One who passes a turnpike or plank-road gate, without paying the toll, is liable for the penalty imposed by the statute; as his intention not to pay is sufficiently indicated by the act itself.

In an action to recover penalties, it is erroneous for the judge to charge the jury that when a credit has been given, for tolls, and discontinued, and the passenger, being responsible and well known, tells the gate-keeper to charge the toll, if the company, thereafter, allows him to pass, the question will be whether the passenger intended to avoid payment, or merely to obtain, thereby, a credit; and that if the jury are satisfied that the defendant only intended to obtain a credit, he will not be liable in the action.

A plank-road or turnpike company has two modes of enforcing the payment of toll by those passing its gates. One is by closing the gates, and preventing the traveler from getting through until he pays ; the other by suing for the penalty those persons passing and not paying, after demand of the toll:

A passenger cannot, because he is responsible and well known, compel a plank-road company to give him a term of credit on tolls, contrary to a resolution of the directors.

When credit has been given, notice of the intention to discontinue it should be clearly given. But when notice is thus given, no pretense is left, to the pas-

senger, by which he can insist on credit. He must then pay the toll, and cannot insist on passing without payment, upon the ground that the company owes him.

The circumstances that a credit for tolls has once been given, and withdrawn, and that the passenger is responsible and well known, and directs the gate-keeper to charge the tolls, do not disprove the intent not to pay.

After all ground for pretense of credit has been removed, by notice to an individual that credit for tolls will no longer be given, if he subsequently passes a gate without paying toll, after demand, the law presumes the intent to be not to pay.

APPEAL by the plaintiff from a judgment entered upon the verdict of a jury, in favor of the defendant.

The action was brought to recover twelve penalties of $10 each, alleged to have been incurred by the defendant in passing gate No. 9 upon the plaintiff's road, without paying the toll required by law, and with the intent to avoid the payment thereof.

It was claimed that the plaintiff's road, though organized under a special charter, was included and embraced in the laws relating to plank and turnpike road companies. (2 *R. S.* 511, §§ 150, 153, 159. 27 *Barb.* 445.) The statute under which this action is brought reads: "Any person who shall pass any turnpike or plank-road gate without paying the toll required by law, and with intent to avoid the payment thereof, shall for each offense forfeit and pay to the corporation injured thereby ten dollars," &c. (2 *R. S.* 512, § 156. *Laws of* 1855, *p.* 874, § 3.)

By the act incorporating the plaintiff, a penalty of $10 is provided and given, where any person "forcibly or fraudulently passes any gate without having paid the legal toll." (*Laws of* 1844, *p.* 437, § 20.)

The judge charged the jury, among other things, that the company had a right to stop the defendant and exact the toll before they let him pass. That ordinarily, a man who passes a gate without paying the toll is liable for the penalty, as his intention not to pay is sufficiently indicated by the act itself. But that when a credit has been given

Rome and Oswego Road Company *v.* Stone.

and discontinued, but the passenger is responsible and well known, and tells the gate-keeper to charge the toll, if the company thereafter allows him to pass, the question will be whether the passenger intended not to pay, or merely to obtain thereby a credit. That if the jury were satisfied that the defendant only intended to obtain a credit, he would not be liable in this action. That this being a penal action, the jury should be satisfied that the defendant did not intend to pay at the time, or at future time, before he was liable to the penalty. The plaintiff's counsel requested the judge to charge the jury that when the company claim the toll, and notify the passenger that he must pay down before he goes through the gate, and the passenger afterwards passes through without paying toll, this is sufficient evidence of his intention not to pay, to subject him to the penalty. To which the judge replied, that he had already charged that ordinarily this would be sufficient. But that still, the jury must be satisfied that such was the intention, and the circumstances might be such as to show that he merely intended to obtain a credit, which would not subject him to the penalty.

The plaintiff's counsel then requested the judge to charge the jury specifically as requested. The judge refused to charge otherwise than he had already charged upon said request, to which refusal the plaintiff's counsel excepted.

Whereupon the cause was submitted to the jury, who found a verdict in favor of the defendant.

*L. Downing*, for the appellant.

I. The ruling of the judge, refusing to admit evidence to show that the defendant, on two occasions, forced the gate, was erroneous. The plaintiff offered the evidence to show that the intent of the defendant in passing the gate was to avoid payment of toll. Within the principle of the decisions, if the testimony offered was competent for any

purpose, it should have been admitted. (*Dunlap* v. *Snyder*, 17 *Barb.* 565.)

II. The judge erred in allowing the defendant to testify to the arrangement between himself and the gate tender that the road was to trust the defendant for his tolls. The arrangement to charge toll until the gate tender could see the directors was November 18, 1861, and expired December, 23d following. After which the penalties sued for occurred, and there is no pretense of an agreement to trust or charge toll after December 23, 1861, unless the traveler on the plaintiff's road being known and thought responsible, can force the company to charge toll whether they will or no. Any evidence bearing on the defendant's intent in passing the gate to avoid the payment of toll was proper, but the arrangement and its close with the strongest repudiation of trust on the part of the company, was all prior to the accruing of any of these penalties. The plaintiff's objections to the admission of the evidence, were well taken, and as the testimony, in all probability, influenced the jury, on the question of *intent* on the part of the defendant to pay toll, the error of its admission will not be disregarded by this court. (*Worrall* v. *Parmelee*, 1 *Comst.* 519, 521, *and cases cited.*)

III. The answer to the question, "Did you intend to pay your toll?" was improperly admitted by the said justice. The cases relied on by the defendant for the admissibility of this evidence were cases of fraudulent conveyances, or assignments of property to hinder, delay or defraud creditors, in which the fraudulent intent is made by statute a question of fact, (3 *R. S.* 225, § 4,) and the actions having been brought to set aside such fraudulent instrument, the plaintiff calling the witness and showing indicia of fraud by him, the defendant on the cross-examination has been allowed to ask the witness whether he did intend to defraud creditors by such conveyances. (14 *N. Y.* 567, 569. 33 *Barb.* 127. 11 *Wend.* 240.) The

Rome and Oswego Road Company *v.* Stone.

courts have not gone farther than this. Ordinarily a witness is to be examined only to matters of fact, within his own knowldge, whether they consist of words or actions. (1 *Greenl. Ev.* 546, § 434. *Id.* § 13.) *Fact,* says *Webster, page* 431, is "Any thing done or that comes to pass ; an act; a deed." One's mental purposes, unexpressed, can scarcely be called *facts;* are not susceptible of contradiction, and if false the party could not be convicted of perjury.

IV. The charge of the justice, even as modified, cannot be sustained as law. He should have directed or charged the jury as requested by the plaintiff's counsel, and his refusal so to charge was wrong. The company has the right to choose which course to pursue, to shut its gate against a traveler, until the toll is paid, (*Kenyon* v. *Seeley,* 14 *Barb.* 631,) or sue for the toll or the penalty ; the remedies are cumulative. (*Jordan and Skaneateles P. R. Co.* v. *Morley,* (23 *N. Y.* 552.) The corporation has no security for the payment of toll, and its franchises would be worthless if the charge of the justice was right. The penalty under which this action is brought was intended to meet just the case of a person passing the gate, toll being demanded and refused ; and he cannot be convicted for "forcibly or fraudulently" passing, as held. (21 *Barb.* 212. 22 *id.* 662, 669.) Every person must be held to intend the necessary result of his own acts. (*Van Pelt* v. *McGraw,* 4 *N. Y.* 110. 3 *Greenl. Ev.* §§ 13, 14.) The defendant did not pay toll when demanded, and refused to do so. Hence, at that moment the plaintiff's cause of action was complete. The jury, under the charge of the judge, should not have been allowed to speculate on the defendant's mental intentions or purposes to pay then, or at a future time; the intent was clear by the defendant's acts; his oath was in direct opposition to them ; but the acts and doings of the defendant were all the real attainable proof in the case. (14 *N. Y.* 567, 569. 18 *John.* 56, 57.) The case shows the defendant

did refuse to pay toll. He does not contradict Ball, only saying that he did not say in words he would not pay. Again, the judge in his charge assumes, and in effect charges the jury, that a credit had been given to the defendant and discontinued, and the defendant told the gate tender to charge the toll, &c. The case will not support this. The company did not sanction the gate tender's giving credit. The defendant did not say, many times, "Charge my toll." The jury must have been misled by this portion of the charge, as to some of the penalties at least.

*Edwin Allen*, for the respondent.

I. The court properly overruled the offer to show that the defendant " forced the gate on two of these occasions." 1. The action was brought to recover the penalty provided for by laws of 1855, page 874, § 3. 2. By the act incorporating the plaintiff, (*Laws of* 1844, *p.* 437, § 20,) a penalty of $10 is provided and given, where any person "forcibly or fraudulently passes any gate without having paid the legal toll." Under the pleadings and the provisions of the statute, the plaintiff was not entitled to show that the defendant had incurred a penalty under a statute not counted upon in its complaint. If such proof had been allowed and a recovery had, it would not have barred an action under the last cited statute for the same penalty. In actions of slander, actionable words, not alleged in the declaration, cannot be proved to show malice, for the reason " the plaintiff will be allowed to recover damages for an injury, when the recovery will not be a bar to another action for the same cause." (*Root* v. *Lowndes*, 6 *Hill*, 518, 519. *Campbell* v. *Butts*, 3 *N. Y.* 173.) Nor should the plaintiff in the present case have been allowed to prove a penalty not counted upon, to show the intent, even, with which the defendant passed the gate. But this

purpose was not even avowed by the plaintiff's counsel, and no limitation was given to the inquiry.

II. The court properly overruled the objection to the question put to the defendant: "Did you intend to pay your toll?" 1. The penalty given, and for which the action was brought, is based upon the intention of the party, and not merely upon his passing the gate without paying the toll. In an action to set aside an assignment made for the benefit of creditors, on the ground of fraud, the assignor may be permitted to testify as to his actual intent in executing the same. (*Mathews* v. *Poultney et al.*, 33 *Barb.* 127. *Seymour et al.* v. *Wilson et al.*, 14 *N. Y.* 567.)

III. The charge of the judge to the jury, and his refusal to charge as requested, were proper, and should be sustained. The charge was quite as favorable for the plaintiff as the plaintiff was entitled to. 1. The court charged "that ordinarily a man who passes a gate without paying toll is liable for the penalty, as his intention not to pay is sufficiently indicated by the act itself." 2. The court then charged substantially that the intention thus indicated might be changed by showing that credit had been given and discontinued, that the passenger was well known and responsible, (and resided near the gate as was proven in this case,) that the toll gatherer was requested to charge, and the passenger was allowed repeatedly to pass; the question was for the jury, whether the passenger merely intended to obtain credit. The question was one for the jury, and was fairly submitted to them. The evidence in the case was such that the question of intent, and leave to pass also, was properly submitted to the jury. The conflicting evidence made the question of intent one of fact for the jury. The witnesses were before them, and their finding on the evidence is conclusive. That passing the gate without paying toll, though demanded, is not conclusive as to the intent, is apparent from the wording of the

act. Had that been the intention of the legislature it would have been so expressed. The question of intent is one of fact, and not of law, and therefore the court properly left the question to the jury, and also properly refused to charge as a question of law, as requested by the plaintiff's counsel. Questions arising upon conveyances and transfers of property, as to whether they are fraudulent or not, are made to depend upon the intent of the parties by statute, and are decided as questions of fact, except in some cases where they are held to be fraud in law. See the reasoning of the court in *Seymour* v. *Wilson*, (14 *N. Y.* 568.) The intention not to pay toll, as the court held in this case, is ordinarily indicated by a party passing a gate without paying toll. This intention is inferred from the fact that he did not pay. It is an inference merely, and may be erroneous. The party alone knows his intention, and it is proper for him to state his intention, and for the jury to give such weight as they think it entitled to.

IV. A verdict on a case will not be set aside for the reason that improper evidence was received (or proper evidence excluded) if the court can see that such evidence could not have any influence upon the verdict, or a recovery cannot be had in the case. (12 *W. R.*, 404. 1 *Hill*, 118.) Under this point we desire to raise the question whether the plaintiff can maintain the action. 1. By the act of incorporation the plaintiff is created a road company—neither a plank or turnpike road by any express provision. 2. The penalty sought to be recovered in this action, is given to " any turnpike or plank-road company," not to any road company that may be privileged to erect a gate and collect toll under a special charter. The plaintiff is not within the act, except by intendment or implication ; and to hold that it could maintain this action, would, in effect, be creating a penalty by implication, which should not be done. (*Jones* v. *Estis*, 2 *John.* 379.)

Rome and Oswego Road Company *v.* Stone.

This point was taken at the trial and overruled, and if well taken, the objection is valid to a recovery, and a new trial should not be granted.

*By the Court,* MULLIN, J. On the 18th of November, 1861, the defendant was notified that he must pay toll for passing gate No. 9 on the plaintiff's road. He told the gate-keeper that the company owed him. The latter said, in reply, that he knew nothing of that, but would see the directors, and charge the toll till then. He afterwards saw the directors, and told the defendant that his orders were to charge toll to no man. This notice was given about the 23d of December, 1861. It was after this that the defendant passed through the gate repeatedly, not paying toll, upon demand of it; saying, on one occasion, "charge it." These facts are sworn to by the keeper, and not denied.

The statute, (2 *R. S.* 512, § 156,) giving the penalties sought to be recovered in this case, is as follows: "Any person who shall pass any turnpike or plank-road gate without paying the toll required by law and with intent to avoid the payment thereof, shall, for each offense, forfeit and pay to the corporation injured thereby, ten dollars." The passing, by the defendant, is, as I have shown, clearly proved, and that he did not pay toll. The only remaining fact to be proved is the intent to avoid the payment of toll. The learned justice charged correctly when he told the jury that a man who passed the gate without paying the toll is liable for the penalty, as his intention not to pay, is sufficiently indicated by the act itself. If the charge had ended here, there could have been no controversy in regard to it. But the learned justice proceeds to say that when a credit has been given and discontinued, and the passenger is responsible and well known, and tells the gate-keeper to charge the toll, if the company thereafter allows him to pass, the question will be whether the passen-

ger intended not to pay, or merely to obtain thereby a credit; and that if the jury are satisfied that the defendant only intended to obtain a credit, he will not be liable to the action. The learned judge did not, I apprehend, in the hurry and confusion of the trial, consider the consequences of the proposition thus put forth, or, I am quite sure, he would have qualified the part of the charge referred to, in some important particulars.

A plank-road or turnpike company has two modes to enforce the payment of toll by those passing its gates. One is by closing its gates and preventing the traveler from getting through until he pays; the other, by suing for the penalty, those passing and not paying after demand of the toll. In this case, the defendant had been informed he could not have credit. The learned judge does not, in terms, say that the defendant could compel the plaintiff to let him have credit; but the charge put forth, substantially, that proposition. Can a passenger, because he is responsible and well known, compel a plank-road company to give him a term of credit on tolls, against a resolution of its directors? I apprehend not. When credit has been given, notice of the intention to continue it no longer should be clearly given. But when notice is thus given, no pretense is left to the passenger by which he can insist on credit. When further credit is withdrawn the passenger must pay.

But it is said, a credit having once been given and withdrawn, and the passenger responsible and well known, disproves the intent not to pay, if a direction is given to charge. If a jury can infer from these circumstances an intent to pay, or rather the absence of an attempt not to pay, then very well known and responsible men can pass the gate of a turnpike company and escape the penalty if they tell the keeper to charge it. Although the company resolves that credit shall no longer be given, yet it is compelled to give credit to all persons answering to

Rome and Oswego Road Company *v.* Stone.

the description aforesaid, because the penalty cannot be enforced.

No question of intention to obtain credit can arise on the facts of this case. The company had done all in its power to inform the defendant that credit would no longer be given. There was no longer any room left for a question of intent on the subject of credit, unless it is possible for a traveler to compel the giving of credit.

The attention of the jury was withdrawn from the real issue in the case and directed to another which could not arise in it, on the facts proved.

All ground for pretense of credit had been removed several days before the day on which the first penalty accrued. The defendant having passed the gate without paying toll, after demand, the law presumes the intent to be not to pay. The oath of the defendant cannot overcome this presumption, on the evidence in this case. And if the jury should find the absence of such intent, I should set the verdict aside as against evidence.

A plank-road company is not bound, after withdrawing credit from a pasenger, to close its gates against him, in order to prevent an inference of intent to give credit. Having done its duty by giving notice that no further credit will be given, it may leave him to pass through if he will; and if he does pass, the inference is that he intends not to pay.

If the defendant, when sued for a penalty, may set up the giving of credit, his solvency, and the fact that he was well known and told the keeper to charge it, it follows that he must prove these several propositions. The plaintiff may rebut them, and thus issues somewhat anomalous will be introduced in these cases, as troublesome as they are unnecessary.

But the great objection to the charge is, that it tolerates and invites violations of the rights of these corporations. It leaves them entirely at the mercy of those passing the

gates, without any mode of protecting themselves, except by keeping their gates closed all the time—a thing both burdensome and uncalled for.

Did the facts of this case present a fair question whether the defendant, when he passed the gate, did not suppose he was being charged in account with his toll, it would have been highly proper to submit it to the jury. But on the facts, there was no basis on which to rest any such proposition.

Without examining any other of the questions in the case, I think the judgment should be reversed and a new trial ordered; costs to abide the event.

[ONONDAGA GENERAL TERM, April 7, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]